JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeff Macy,<br><br>PLAINTIFF(S)<br>v.<br>County of San Bernardino Board of Supervisors,<br><br>DEFENDANT(S) | **CASE NUMBER**<br>5:24-cv-01267-RGK-BFM<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

6/18/2024 _____   *Gary Klausner* _____
Date                                                                     United States District Judge

On June 13, 2024, Plaintiff filed a Civil Rights Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1-2.) Plaintiff alleges that Defendant, operating under an unlawful policy or custom, violated federal and state law by not responding to some of Plaintiff's public records requests. (ECF No. 1 at 2-7.) Plaintiff seeks $250,000 in damages. (ECF No. 1-1 at 1.) For the following reasons, the Complaint is dismissed without leave to amend.

First, this Complaint is duplicative of a Complaint that the Court recently dismissed for lack of subject matter jurisdiction, in Macy v. County of San Bernardino Board of Supervisors, Case No. 5:24-cv-01165-RGK-BFM. This duplicative Complaint therefore is dismissed as frivolous. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous).

Second, Plaintiff has not established the jurisdiction of the Court. The named Defendant, the County Board of Supervisors, had no duty under federal law to comply with public records requests. Plaintiff does not have a right to such records under the federal Freedom of Information Act ("FOIA"), which does not apply to counties. See Ortez v. Washington County, State of Or., 88 F.3d 804, 811 (9th Cir. 1996). Nor does Plaintiff have a federal constitutional right to public records. See Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."); see also McBurney v. Young, 569 U.S. 221, 232 (2013) ("[The Supreme] Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws."). Instead, Plaintiff's remedy arises under the California Public Records Act, as he appears to acknowledge. (ECF No. 1 at 12.) But Plaintiff cannot maintain a federal action for an alleged violation of the California Public Records Act. See Lambert v. Weller, 2021 WL 1393066, at *3 (W.D. Wash. Mar. 16, 2021) (collecting cases).

Third, jurisdiction does not exist merely because Plaintiff characterizes his claims as federal civil rights violations. "The denomination of these complaints as [Section] 1983 actions does not alone give the district court jurisdiction to hear them." Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1343 (9th Cir. 1981). "[W]e look beyond [the complaint's] characterization to the conduct on which the claim is based." Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1203-04 (9th Cir. 2003) (citation omitted). The conduct on which Plaintiff's claims are based are, at most, alleged violations of state law. Plaintiff cannot transform his allegations into federal claims merely by alleging an unlawful policy or custom under federal civil rights laws. See Jackson v. County Stanislaus, 2017 WL 4123930, at *12 (E.D. Cal. Sept. 15, 2017) (claim of allegedly unlawful policy or custom in refusing requests for public records was a state law claim that did not implicate federal constitutional rights or protections). Because the Complaint does not state a federal question, it is dismissed for lack of jurisdiction.

Finally, leave to amend is not warranted. "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." Orff v. United States, 358 F.3d 1137, 1149 (9th Cir.2004) (internal quotation omitted). Moreover, "[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc). Thus, the Complaint is dismissed without leave to amend. The dismissal is without prejudice to Plaintiff reasserting his claims in state court. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

(*attach additional pages if necessary*)